IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM FUELBERTH, Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>vs.<br><br>GODFATHER'S PIZZA, INC.,<br><br>Defendant. | 8:22CV195<br><br>ORDER |

This matter is before the Court on Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information. (Filing No. 15.) For the reasons explained below, the motion will be granted.

## BACKGROUND

Plaintiff filed this collective action on behalf of himself and others similarly situated on June 2, 2022, alleging Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and the minimum wage provisions of the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201. (Filing No. 1.) Plaintiff seeks a declaratory judgment, damages, and attorney's fees due to Defendant's alleged policy and practice of failing to pay delivery drivers, such as himself, sufficient wages under the FLSA and NWHA.

## DISCUSSION

1. **Conditional FLSA Certification**

Plaintiff seeks to conditionally certify his FLSA claim to proceed as a collective action. Plaintiff requests that the Court conditionally certify the following collective: "All Delivery Drivers since June 2, 2019." (Filing No. 15.)

Under the FLSA, a collective action may be maintained by any employee "for and on behalf of himself . . . and other employees similarly situated" to recover damages for the failure to pay minimum or overtime wages. 29 U.S.C. § 216(b). This district generally follows a two-step process when deciding whether the named plaintiffs in an FLSA action are "similarly situated" to other potential plaintiffs. See Oliphant v. Sprint Corp., No. 8:18CV353, 2019 WL 2088052, at *1 (D. Neb. Apr. 26, 2019); Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 496 (D. Neb. 2009).

"At the first stage, a class is conditionally certified on a relatively minimal showing, and then prospective plaintiffs can opt in to the action by filing consent forms.'" Cortez v. Nebraska Beef, Inc., Nos. 8:08CV90, 8:08CV99, 2008 WL 5076254, at *4 (D. Neb. Nov. 21, 2009) (quoting Parler v. KFC Corp., 529 F.Supp.2d 1009, 1011 (D. Minn. 2008)). The first stage is only based on the pleadings and affidavits in the record. Cortez, 2008 WL 5076254, at *4. Courts do not make credibility determinations or findings of fact at this initial stage. Id. During the first stage, plaintiffs must present evidence "establishing a colorable basis that the putative class members are the victims of a single decision, policy, or plan." Id. Meaning, they must come forward with something more than mere allegations. Id.

The second stage or final determination is usually made after discovery is largely complete when the court can make "a factual determination on the similarly situated question." Morales v. Greater Omaha Packing Co., Inc., 2009 WL 1650016, *3 (D. Neb. June 9, 2009) (quotation omitted). At the second stage, plaintiffs must make a stronger showing to continue to proceed on a collective basis. Parler, 529 F. Supp.2d at 1011. If plaintiffs fail to do so, the conditionally certified class is decertified. Id. The second stage is usually triggered when the defendant moves to decertify the conditionally certified class. Id.

Defendant contends Plaintiff's motion for conditional certification should be denied because Plaintiff has not shown he is "similarly situated" to the class he wishes to represent. In support of his Motion for Conditional Certification, Plaintiff submitted his own Declaration. ([Filing No. 15-6](#).) In the Declaration, Plaintiff averred that Defendant employed other hourly-paid delivery drivers and that delivery drivers such as himself are subject to Defendant's uniform employment policies, practices, and procedures, including policies related to the payment of minimum wages and reimbursement of vehicle expenses. Plaintiff outlined the policies pertaining to pay and reimbursement that he believes violated the FLSA. Plaintiff stated in the Declaration that he spoke to other delivery drivers about how they were paid and that they were paid the same as him. Defendant also stated he made personal observations of other delivery drivers, including their number of deliveries, schedules, and job duties. He indicated the other drivers' deliveries, schedules, and job duties were the same or similar as his. He also stated that he and other hourly delivery drivers shared each other's workloads and talked about the work they performed. He stated he had access to other drivers' work schedules. Defendant estimated that based on the number of delivery drivers who worked with him, there are at least ten other individuals who work or have worked as hourly delivery drivers for Defendant since June 2, 2019. He also named three individuals, albeit by first name only, whom he believes would be interested in joining this litigation.

Defendant argues Plaintiff's Declaration fails to establish Plaintiff's entitlement to conditional certification because it simply sets out allegations from the Complaint. Defendant maintains Plaintiff's statement in the Declaration that he spoke to other delivery drivers and that they were allegedly paid the same as him does not establish that the putative class members were the victims of a single decision, policy, or plan. Defendant complains that Plaintiff failed to include identifiable facts setting forth which delivery drivers he spoke with, when those conversations happened, or the precise manner Plaintiff purports other delivery drivers were paid the same as him.

The Court finds Plaintiff has established a colorable basis that the putative class members are victims of a single decision, policy, or plan. Plaintiff averred that he observed and spoke to other delivery drivers about how they were paid and their duties. Plaintiff indicated in his Declaration that the other drivers were the same or similar to him regarding those matters and

that he observed them and had access to their work schedules. In his Declaration, Plaintiff also estimated the number of delivery drivers who worked with him and attempted to identify three of those individuals by name. Here, Plaintiff's explanation of his experiences, his personal observations of other drivers, and his discussions with other drivers is sufficient evidence to meet the lenient standard for conditional certification.[1] *See Juarez v. 449 Restaurant, Inc.*, 29 F.Supp.3d 363, 369 (S.D.N.Y. 2014) ("In assessing the adequacy of a plaintiff's showing [for conditional certification], district courts look to pleadings, affidavits, and declarations, but often authorize notice based solely on the personal observations of one plaintiff's affidavit"). The Court will conditionally certify this case to proceed as a collective action.

Defendant argues that even if conditional certification is granted, the class should be limited to Defendant's delivery drivers employed at its corporate-owned stores in Nebraska.[2] Defendant maintains the class should be limited to Nebraska drivers because Defendant's policies, practices, and procedures vary depending on location as to employee pay, wage requirements, delivery fees, and expense reimbursement.[3] Defendant also argues the scope should be limited to Nebraska drivers because minimum wage requirements and expense reimbursement laws vary significantly between the states. Defendant asserts that including potential plaintiffs located outside Nebraska would complicate the issues before the Court, rendering the proceedings unmanageable.

Defendant's argument that the class should be limited to Nebraska drivers because individualized proof is needed due to differences in corporate policies and state laws is

---

[1] Other cases involving delivery drivers with similar facts and circumstances have been conditionally certified. *See also Rodriguez v. Cutchall*, No. 4:20CV3106, 2021 WL 5911322 (D. Neb. Nov. 16, 2021) (finding the plaintiff had established a colorable basis that putative class members were victims of a single decision, policy, or plan where the plaintiff presented evidence of the employer's policies regarding delivery drivers' job duties, pay, and vehicle requirements); *Bass v. PJCOMN Acq. Corp.*, Civil No. 09-cv-01614-REB-MEH, 2010 WL 3720217 (D. Colo. Sept. 15, 2010) (finding the plaintiffs' allegations that delivery drivers were subject to policies that resulted in low wages constituted substantial allegations that the putative class members were victims of a single decision, policy, or plan for conditional certification); *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp.3d 1012 (S.D. Iowa 2016) (granting conditional certification of a delivery driver's FLSA claim).

[2] Defendant does not contend that this Court lacks personal jurisdiction over drivers outside of Nebraska.

[3] Defendant maintains that in 2019 and 2020, it operated ten corporate stores nationwide and, presently, it operates nine corporate stores nationwide. Defendant contends that of these nine stores, four are in Nebraska, with the remaining stores located in Iowa, Kansas, and South Dakota. Prior to 2020, Defendant operated a store in Minnesota.

premature. Arguments that "there is no feasible way to adjudicate due to the necessity of individual inquiries" are premature at the conditional certification stage. *Holliday v. J S Express, Inc.*, No. 4:12-cv-1732, 2013 WL 2395333, at *6. (E.D. Mo. May 30, 2013). "Manageability is an issue for the second stage of the conditional certification analysis." *Id*. As found by another court, "[a]t the conditional certification stage, the Court simply does not have the information before it with which it could decide whether the variability in vehicle expenses between delivery drivers is so significant as to make collective action treatment . . . impractical." *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp.3d 1012, 1021 (S.D. Iowa 2016). Therefore, the collective will not be limited to Nebraska drivers at this time.

2.      **Proposed Notice and Related Materials**

Plaintiff requests that the Court approve his proposed notice of FLSA action, opt-in consent form, and reminder communications. (Filing No. 15-1; Filing No. 15-3; Filing No. 15-4.) Plaintiff requests a period of ninety days to distribute the notice and file consent forms with the Court. Plaintiff further requests that the Court order Defendant to produce the names, last known home and work addresses, phone numbers and email addresses of potential collective members no later than seven days after the date of this Order. Plaintiff asks that the Court allow him to provide the notice to potential plaintiffs through mail and email, and that Plaintiff be allowed to distribute a follow-up reminder notice via mail or email.

Defendant objects to the content and form of the proposed notice and reminder communications. Defendant asserts that (1) the notice should only be addressed to delivery drivers employed in Nebraska during the relevant period; (2) the "Information Only" paragraph in the proposed notice should be removed; (3) the notice and reminders should contain disclaimer language regarding the Court's neutrality; and (4) the Court's name should be removed from the heading of the documents.

The FLSA requires that notice to potential plaintiffs be "accurate and timely," so that potential plaintiffs can make informed decisions about whether to participate in the litigation. *Martinez*, 265 F.R.D. at 499. District courts are permitted to approve both the content and method of disseminating notice to potential class members to ensure that notices are timely, accurate, and informative, which will help prevent later disputes. *Id*. "[W]hile the court must set

standards for the form and method of providing notice, it must scrupulously avoid endorsing or appearing to endorse the merits of the underlying claim." *Id*. "A court should not alter a plaintiff's proposed notice unless such alteration is necessary." *Oliphant*, 2019 WL 2088052, at *3.

There is no need to modify the notice so that it is only addressed to delivery drivers employed in Nebraska. For the reasons explained above, the class will not be limited to Nebraska drivers at this time.

Similarly, there is no need to remove the "Information Only" paragraph in the proposed notice. This paragraph states: "If you do not want to join this lawsuit but you would like information about it as it progresses, and you would like regular updates about the case, you can email information@sandordlawfirm.com to sign-up for status reports. You can also call the number below to be added to a case-related mailing list." (Filing No. 15-1.) Defendant contends this paragraph should be removed because it will not assist potential plaintiffs with deciding whether to participate in this case. However, this paragraph does not unfairly prejudice Defendant. This paragraph simply allows individuals to decide whether they want to be apprised of future developments in this case. The paragraph does not need to be removed.

Defendant also contends the notice should contain disclaimer language regarding the Court's neutrality. Plaintiff's proposed notice includes a statement providing that "[t]he Court has not ruled on or decided any of the issues, including the merits of the claims or defenses." (Filing No. 15-1.) This statement is found on the second page of the notice. Defendant argues that this language should be revised and moved to the first page of the notice. Defendant proposes that the language be revised as follows:

> This notice is for the sole purpose of determining the identity of those persons who wish to be involved in this case. Although the United States District Court for the District of Nebraska has authorized sending this notice, the Court has not considered or made any decisions as to the merits of Plaintiff's claims or Defendant's defenses. The Court does not encourage or discourage participation in this case.

(Filing No. 21-2.)

6

The Court agrees with Defendant that Plaintiff's disclaimer language should be modified and moved to avoid the appearance that the Court endorses Plaintiff's claims. See *Martinez*, 265 F.R.D. at 499. The Court will order that the language proposed by Defendant be adopted, except that the last sentence of the disclaimer proposed by Defendant ("The Court does not encourage or discourage participation in this case") does not need to be added. The Court will further order that this language be moved to the top of the notice—right under the "Notice of Right to Join Lawsuit" heading.

The undersigned also agrees with Defendant that the court caption should not be used as a heading on Plaintiff's proposed notice and reminder communications. "[P]lacing the court name in the heading is improper because it may be misconstrued as judicial support for the plaintiffs' litigation." *Martinez*, 265 F.R.D. at 499-501. Therefore, the Court will order that the court caption be removed.

### 3. Other Matters

Defendant argues that rather than having Plaintiff's counsel distribute notice to potential plaintiffs, this should be done by a third-party administrator. Defendant contends a third-party administrator is necessary because, according to Defendant, Plaintiff's counsel has a practice of inflating attorneys' fees in FLSA collective actions. Defendant believes a third-party administrator would help mitigate attorneys' fees associated with distribution of notice. Defendant's request for a third-party administrator will be denied. Defendant has not expressed any privacy or confidentiality concerns stemming from Plaintiff's distribution of the notices. *Simmons v. Valspar Corp.*, Civ. No. 10-3026, 2011 WL 1363988, at *6 (D. Minn. Apr. 11, 2011) (denying request for third-party administrator where there was no undue risk to privacy or confidentiality). Cost reduction measures stemming from accusations about Plaintiff's counsel is not a basis for a third-party administrator in this case. Issues pertaining to excessive attorneys' fees can be addressed, if necessary and appropriate, later.

Defendant also contends Plaintiff has not demonstrated why production of telephone numbers of potential plaintiffs is necessary for distribution of notice. The Court will not require the production of telephone numbers at this point. If Defendant provides addresses for the delivery drivers, the disclosure of telephone numbers is not necessary. See *Martinez*, 265 F.R.D.

7

at 501 (denying request for telephone numbers where there was no evidence that the employer was "unable or unwilling to provide correct and current addresses"). In the event current addresses cannot be provided, the need for the disclosure of telephone numbers may be reconsidered.

Defendant has requested fourteen days, as opposed to seven, to provide contact information for potential plaintiffs. The Court finds this request acceptable, and it is hereby approved.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information (Filing No. 15) is granted.
2. The proposed notice (Filing No. 15-1), consent form (Filing No. 15-2), follow-up communications (Filing No. 15-3; Filing No. 15-4), and second notice of right to join the lawsuit (Filing No. 15-4) are approved, except as modified in this Order. Plaintiff is authorized to send the proposed forms, with the modifications set out in this Order.
3. The opt-in period for joining the conditional class shall be ninety (90) days from the sending of the notice and consent forms.
4. Within fourteen (14) days of this Order, Defendant provide Plaintiff with the names, last known home and work addresses, and email addresses of potential opt-in plaintiffs.

Dated this 20th day of April, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

8