IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM FUELBERTH, Individually and on Behalf of All Others Similarly Situated;<br><br>Plaintiff,<br><br>vs.<br><br>GODFATHER'S PIZZA, INC.,<br><br>Defendant. | **8:22CV195**<br><br>**SECOND AMENDED FINAL PROGRESSION ORDER** |

THIS MATTER is before the Court on the parties' Joint Motion to Amend Case Progression Order.  (Filing No. 45.)  The motion is granted.  Accordingly,

IT IS ORDERED that the provisions of the Court's previous final progression orders remain in effect, and in addition to those provisions, progression shall be amended as follows:

1)  The trial and pretrial conference will not be set at this time.  The status conference presently set for July 25, 2024 is canceled.  A status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** will be held with the undersigned magistrate judge by telephone on **December 12, 2024** at **2:00 p.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference.  (Filing No. 9.)

2)  The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is **June 24, 2024**. Motions to compel written discovery under Rules 33, 34, 36 and 45 must be filed by **July 12, 2024.**

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

    Plaintiff and opt-in Plaintiffs, as a group, may serve a total of twenty-five (25) interrogatories and twenty-five (25) requests for admissions directed to Defendant. Defendant may serve twenty-five (25) interrogatories and twenty-five (25) requests for admissions directed to Plaintiff and to each opt-in Plaintiff.

3)  The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    | | |
    |---|---|
    | For Plaintiffs and opt-in Plaintiffs: | **July 1, 2024** |
    | For Defendant: | **August 29, 2024** |

4)      The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For Plaintiffs and opt-in Plaintiffs: | **July 29, 2024** |
| For Defendant: | **September 30, 2024** |

5)      The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **October 29, 2024**.

    a.   The maximum number of depositions that may be taken by the Plaintiffs as a group is five (5). The maximum number of depositions that may be taken by the Defendants as a group is fifteen (15).  The parties agree to meet and confer regarding potential depositions of post-certification opt-in plaintiffs exceeding the above limits.

    b.   Depositions will be limited by Rule 30(d)(1).

6)      The deadline for filing motions to dismiss and motions for summary judgment is **January 10, 2025**.

**7)**      The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **November 29, 2024.**

8)      The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9)      All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 13th day of February, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.