IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM FUELBERTH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GODFATHER'S PIZZA, INC.,<br><br>Defendant. | 8:22CV195<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a Joint Stipulation for Dismissal with Prejudice and Motion for Approval of Settlement Agreement (Filing No. 88) filed by plaintiff William Fuelberth ("Fuelberth") and defendant Godfather's Pizza, Inc. ("Godfather's Pizza"). Fuelberth worked as a delivery driver for Godfather's Pizza. He filed this lawsuit individually and on behalf of other similarly situated individuals, bringing claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. § 48-1201 *et seq.* Specifically, Fuelberth alleges that the defendant failed to reimburse him and the other opt-in plaintiffs for job-related expenses which caused their net wages to fall below federal and state minimum wage rates (Filing No. 1).

On April 20, 2023, the Court conditionally certified this action as an FLSA collective action, consisting of all delivery drivers who worked for Godfather's Pizza since June 2, 2019 (Filing No. 26). The Court ordered Godfather's Pizza to provide Fuelberth with the contact information of potential opt-in plaintiffs. *Id.* Since then, thirty-eight other individuals filed consent forms to join this case together with Fuelberth (the "plaintiffs") (Filing Nos. 29-42).

On May 30, 2025, the parties engaged in a full-day settlement conference before the magistrate judge. Fuelberth and those who opted into the class agreed to settle their claims

against the defendant and dismiss this suit. The parties now ask this Court to find their agreement is a fair and reasonable resolution of a bona fide dispute and approve the settlement of their FLSA and NWHA claims. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (explaining that in a private FLSA action, district courts may approve settlements of bona fide claims "after scrutinizing the settlement for fairness").

It remains an open question in the Eighth Circuit whether the FLSA requires judicial approval of all settlements. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27 (8th Cir. 2019) (explaining that the Eighth Circuit has "never taken a side" on the "circuit split on whether to extend older Supreme Court cases so as to require judicial approval for some releases of FLSA claims."); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) (acknowledging the circuit split and assuming without deciding that a "district court has a duty to exercise some level of review" of private FLSA settlement agreements). Even if the FLSA permits judicial approval of settlements, the FLSA does not require judicial approval of settled attorney fees. *Barbee*, 927 F.3d at 1027. Nonetheless, when court approval is required, settlements submitted for approval should reflect "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights." *Lynn's Food Stores*, 679 F.2d at 1354.

The parties have agreed to settle this suit for a confidential amount made known to the Court. The Court finds that the agreement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The parties agree that the settlement amount is more than the plaintiffs would be entitled to recover at trial (Filing No. 88-1). Fuelberth will also receive a service award for serving as the class representative. Half of the settlement amount will be paid out to the plaintiffs based on their respective claims for lost wages. The other half reflects a negotiated compromise for non-wage payment compensatory and liquidated damages to be paid out to the plaintiffs.

Having carefully reviewed the settlement agreement, the supporting documents, and the balance of the record in this case,

IT IS ORDERED:

1. The parties' Joint Stipulation for Dismissal with Prejudice and Motion for Approval of Settlement Agreement (Filing No. 88) is granted.
2. This case is dismissed with prejudice.
3. A judgment in accordance with this memorandum and order will be entered.

Dated this 21st day of August 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge